UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIQUE KIRKLAND,

                Plaintiff,

-against-

FEDEX EXPRESS CORPORATION, et al.,

                Defendants.

24-CV-06825-(JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

    The Amended Complaint in this case was filed with the Court on September 30, 2024. *See* ECF No. 5.  An Order of Service was issued on January 7, 2025, at which time the Clerk of Court was directed to issue a summons to Plaintiff.  ECF No. 7.  No certificate of service was filed on the docket.  On May 12, 2025, this Court issued an Order requiring Plaintiff, who is proceeding *pro se*, to show cause for the failure to serve, or to explain if she believed that Defendants had been served.  ECF No. 11.

    In response, Plaintiff submitted a declaration on May 16, 2025, in which she attested that on March 4, 2025, she mailed the summons and complaint to Charles Holmes, whom she states is "designated by law" to accept service on behalf of Federal Express Corporation.  ECF No. 12.

    Service by mail is not a proper means of serving a corporation, however.  Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, a corporation can be served either in accordance with the laws of the state of the district court of where service is attempted, or by a person over the age of 18 years of age who is not a party to the case "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one

authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." "Delivering a copy" refers to personal delivery, not service by mail.

Under New York law, service is effectuated on a corporation by "delivering the summons . . . to an officer, director, managing or general agent, or . . . to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Delivering in this context also means personal service, not service by mail. Corporations can also be served via the New York Secretary of State—either by "[p]ersonally delivering to and leaving with the secretary of state or a deputy . . . duplicate copies of such process together with the statutory fee," or by "[e]lectronically submitting a copy of the process to the department of state together with the statutory fee . . . through an electronic system operated by the department of state." N.Y. Bus. Corp. Law § 306.

Although N.Y. C.P.L.R. § 312-a does permit service on a corporation by mail, "the plaintiff is required to send 'by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.' Service under this section is not complete until the signed acknowledgment of receipt is mailed back to the sender. *Obot v. Citibank S. Dakota, N.A.*, 347 F. App'x 658, 659–60 (2d Cir. 2009) (quoting N.Y. C.P.L.R. § 312–a). It does not appear from Plaintiff's declaration that she submitted the two copies of the statement of service by mail or the acknowledgment of receipt form with a return envelope with postage prepaid, and even if she had, it does not appear that Defendant returned the acknowledgement of receipt. Service is only complete under Section 312-a if Defendant returns the acknowledgment form.

The Court nonetheless finds good cause for Plaintiff's failure to properly serve Defendant within the time permitted by Rule 4(m).  Plaintiff is proceeding *pro se*, and is therefore entitled to a degree of solicitude.  Plaintiff also made an attempt to serve Defendant with process, and reasonably believed that service had in fact been effectuated.

The Court therefore ORDERS that the deadline for Plaintiff to effectuate service be extended until **July 21, 2025.**  If Plaintiff does not file proof of service on the docket by that date, or file a declaration with the Court demonstrating good cause as to why service was not effectuated by that deadline, the Court will dismiss the case, without prejudice, without further notice.

SO ORDERED.

Dated:   May 20, 2025
         New York, New York

                                                  JEANNETTE A. VARGAS
                                                  United States District Judge